UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARREN HARRIS,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT AND OFFICER CHAD LUCAS,<br><br>   Defendants. | Case No.: 23cv739-LL-SBC<br><br>**ORDER GRANTING MOTION TO REMAND [ECF No. 5]** |

This matter is before the Court on Plaintiff Keith Harris' Motion to Remand. ECF No. 5. Defendants, City of San Diego, San Diego Police Department and Officer Chad Lucas, filed an Opposition [ECF No. 10]. The Motion is fully briefed, and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the Court **GRANTS** the Motion.

   **I.**   **Background**

Plaintiff, proceeding pro se, filed this lawsuit in San Diego County Superior Court, and the original complaint was filed on February 21, 2023. ECF No. 1-4. The original complaint asserted eleven causes of action arising from an incident that Plaintiff alleges resulted in him being unlawfully detained by Officer Lucas. *Id.* at ¶¶ 4-10. Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. Section 1331 in light of

1

the "civil rights claims under 42 U.S.C. Section 1983, the Fourth Amendment, as well as a Monell municipal liability claim under 42 U.S.C. Section 1983." Notice of Removal at ECF No. 1 at 2. On April 28, 2023, Defendants filed a Motion to Dismiss and Motion to Strike Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f). ECF No. 3. Less than one month later, on May 17, 2023, Plaintiff filed a Motion for Leave to Amend his Complaint and to Remand the Action to State Court. ECF No. 5. On May 22, 2023, the Court granted Plaintiff's Motion for Leave to Amend and denied as moot the pending Motion to Dismiss and Motion to Strike. ECF No. 6. Plaintiff filed his amended complaint on the same day that the Court granted leave to amend. ECF No. 7. Plaintiff's First Amended Complaint ("FAC") alleges eleven causes of action like the original complaint, but replaces the two federal causes of action from the original complaint with state claims. Specifically, Plaintiff replaced the Monell municipal liability claim under 42 U.S.C. § 1983 with a claim for vicarious liability. ECF No. 7 at ¶¶ 61-63. Plaintiff's FAC also replaced the Fourth Amendment claim with a claim for Violation of California's Constitution Article I § 13. ECF No. 7 at ¶¶ 73-75.

## II.     Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks and citation omitted). "The burden of establishing federal jurisdiction is upon the party seeking removal. . . . " *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

(9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### III. Discussion

#### A. Summary of Parties' Arguments

Plaintiff argues that this case should be remanded because it "was originally filed in State Court but mistakenly alleged two federal causes of action." ECF No. 5 at 7. Plaintiff further asserts that in light of the FAC, "this case no longer presents any federal question, and the federal court lacks subject matter jurisdiction." *Id.*

Defendants oppose Plaintiff's Motion to Remand on the grounds that "Plaintiff's efforts are an unapologetic effort to forum shop." ECF No. 10 at 3. Defendants acknowledge in the Opposition that Plaintiff "substituted a claim under the California Constitution for his existing Fourth Amendment claim" and that he "dismissed his Monell claim in favor of an untethered vicarious liability claim under California Government Code section 815.2(a)." *Id.* Notwithstanding these acknowledgements that Plaintiff's federal claims were amended and replaced with state claims, Defendants still argue that the "FAC continues to allege multiple violations of federal rights and laws (ECF No. 7 at ¶¶ 28, 35, 41, 72)." ECF No. 10 at 3. In sum, Defendants argue that "[t]his Court should retain supplemental jurisdiction over the action based on the continued invocation of federal rights." *Id.*

**B. Analysis**

As an initial matter, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). Based on the Court's review of the FAC, it alleges only state law causes of action. Defendants have not met their burden to show that the FAC still alleges multiple violations of federal rights. The mere mention of federal laws in a paragraph of the complaint captioned as a state law cause of action is not enough to convert that cause of action into a federal count. For example, although the FAC references in Paragraph 28 "the federally protected rights of others," the cause of action raised by Plaintiff is for "intentional infliction of emotional distress." ECF No. 7. Similarly, the FAC states in Paragraph 35 that "Plaintiff's civil rights under State and Federal Law were violated," but this was in the cause of action for "false arrest and false imprisonment." *Id.* It is quite clear that Plaintiff, proceeding pro se, intended to advance only state law claims, notwithstanding passing mention of federal statutes.

A plaintiff can make a tactical decision to abandon a federal claim after removal. *See generally Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 389 (9th Cir. 1995). In *Baddie* the plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal," and the Court of Appeals explained there "was nothing manipulative about that straight-forward tactical decision. . . ." *Id.* at 489. Here, Plaintiff states in his Motion to Remand that in his original complaint, he "mistakenly alleged two federal causes of action." ECF No. 5 at 7. Plaintiff's FAC eliminates the two federal claims brought in the original complaint (Monell claim and Fourth Amendment). Accordingly, the causes of action on which the Court's original jurisdiction rested are now gone. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013).

Even though the court had original jurisdiction at the time of removal, the court finds no basis for original jurisdiction over the First Amended Complaint, which prompts the

Court's discretion under the supplemental jurisdiction statute, 28 U.S.C. § 1367(c)(3). A district court may decline "supplemental jurisdiction over a claim…[if] the district court has dismissed all claims over which it had original jurisdiction." *Id*. This provision applies where an amended pleading voluntarily eliminates the federal question. *See Cal. Dep't of Water Res. v. Powerex Corp*., 533 F.3d 1087, 1091 (9th Cir. 2008). "Under 1367(c)(3), the [C]ourt can properly exercise its discretion to remand the supplemental state law claims." *Horne*, 969 F. Supp. 2d at 1209-10. In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience, fairness, and comity." *Sanford v. MemberWorks, Inc*. 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). These factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *See Horne*, 969 F. Supp. 2d at 1207-1208; 1210; *see also Millar v. Bay Area Rapid Transit Dist*., 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co*., 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase"). This case is still in an early procedural posture, at the pleading phase, and no discovery has been conducted to date. The Court finds that the balance of factors in this case point toward declining jurisdiction. Accordingly, Plaintiff's Motion to Remand is **GRANTED** and the Court **REMANDS** the case to San Diego Superior Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: August 14, 2023

Honorable Linda Lopez
United States District Judge